UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Metro Home Health Care Network, Inc.,[1]

        Debtors.
_____/

Chapter 11
Case No. 13-61253
(Jointly Administered)
Hon. Phillip J. Shefferly

**ORDER REGARDING DEBTORS' EX PARTE MOTION
FOR ENTRY OF ORDER CONFIRMING NOTICE PERIOD**

On April 18, 2014, the Debtors filed a motion (ECF No. 243) for sale of property under § 363 of the Bankruptcy Code ("Sale Motion"). The Sale Motion was accompanied by a notice and opportunity to be heard that provided creditors and parties in interest with 14 days in which to file a response to the Sale Motion. At a status conference held in these jointly administered Chapter 11 cases on April 21, 2014, an issue arose regarding the length of the notice required to be given with respect to the Sale Motion. The issue stems from an apparent inconsistency between the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Eastern District of Michigan. On April 25, 2014, the Debtors filed an ex parte motion (ECF No. 247) requesting the Court to enter an order confirming the appropriate notice period to be given with respect to the Sale Motion.

---

[1] The Debtors in these jointly administered cases are: Metro Home Health Care Network, Inc., case no. 13-61253, and Metro Home Health Care Plans, Inc., case no. 13-61254.

Fed. R. Bankr. P. 2002(a)(2) requires at least 21 days' notice by mail of a proposed sale of property of the estate other than in the ordinary course of business, unless the Court, for cause, shortens the time for notice. Local Bankruptcy Rule 6004-1 (E.D.M.) provides that in the Eastern District of Michigan, a notice of sale given pursuant to Fed. R. Bankr.P. 2002(a)(2) "shall include a statement that the deadline for filing an objection is 14 days from the date the notice is served. . . . The 14 day period in this paragraph begins to run contemporaneously with the 21 day notice in F. R.Bankr. P. 2002(a)(2)."

At first blush, it does appear that the Local Bankruptcy Rule is inconsistent with the national bankruptcy rule. However, there is a way to reconcile these two rules. Fed. R. Bankr. P. 2002(a)(2) unquestionably requires notice of 21 days to be given with respect to the proposed sale. In other words, the sale cannot occur until the 21 day notice period expires. On the other hand, L.B.R. 6004-1(a) does not deal with the timing of the sale, but instead sets a deadline for objections to be filed. That deadline is 14 days. By setting the deadline for objections to be filed in advance of the occurrence of the proposed sale, the local rule permits the Court the opportunity to hear and resolve one way or another any timely objections before the proposed sale occurs. Local Bankruptcy Rule 6004-1(a) reinforces the notion that these are two separate time periods, one for the sale itself, and the other for objections, by providing for the two time periods to run contemporaneously.

The Court concedes that the two time periods in these rules creates some potential for confusion but, for the reasons explained, concludes that they are reconcilable because they serve two distinct purposes. Again, the proposed sale cannot occur until after 21 days, but objections to the proposed sale must be made within 14 days. Therefore, the Court holds that

the 14 day notice and opportunity to be heard that the Debtors provided with their Sale Motion complies with L.B.R.R. 6004-1(a) but Fed. R. Bankr. P. 2002(a) independently requires that there must be 21 days' notice of the occurrence of the proposed sale.

    *IT IS SO ORDERED.*

.
```
Signed on April 29, 2014
                                    /s/ Phillip J. Shefferly
                                   Phillip J. Shefferly
                                   United States Bankruptcy Judge
```